UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **MARK DAVID CLOUD AND PATTI BRANDT CLOUD** | * | **CIVIL ACTION NO. 18-1070** |
| **VERSUS** | * | **JUDGE TERRY A. DOUGHTY** |
| **MIKE STONE, LINCOLN PARISH SHERIFF IN HIS OFFICIAL CAPACITY, ET AL.** | * | **MAG. JUDGE KAREN L. HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, are two motions to dismiss for failure to state a claim upon which relief can be granted [doc. #s 11 & 20], and an associated request for fees [doc. # 11] filed by defendant, John Belton, Lincoln Parish District Attorney, in his official capacity. The motions are opposed. For reasons explained below, it is recommended that the motions be DENIED.

## Background

On August 20, 2018, Mark Cloud and Patti Cloud filed the instant wrongful death and survival action under 42 U.S.C. § 1983 and Louisiana Civil Code Articles 2315.1 and 2315.2, to recover damages for the August 29, 2017, death of their son, Joshua Cloud, which they contend was caused by excessive force used by Lincoln Parish Sheriff's deputy Kyle E. Luker. Named defendants include: Mike Stone, Lincoln Parish Sheriff in his official capacity; John Belton, Lincoln Parish District Attorney in his official capacity; and sheriff's deputy, Kyle E. Luker.

On September 20, 2018, defendants Mike Stone and Kyle Luker filed a motion to dismiss for failure to state a claim upon which relief can be granted. [doc. # 6]. On October 16, 2018, defendant John Belton filed the instant motion to dismiss for failure to state a claim upon which

relief can be granted, and associated request for fees. [doc. # 11]. In support of his motion, Belton argued that plaintiffs' complaint failed to assert facts to support an excessive force claim, that he was entitled to prosecutorial immunity, and there is no vicarious liability in § 1983 cases.

On October 23, 2018, plaintiffs filed an opposition to Belton's motion to dismiss in which they clarified that Belton "is a defendant only in connection with plaintiffs' state law claims for assault, battery, and homicide. An employer is liable for torts committed by his employee acting in the course and scope of his employment." (Pl. Opp. Memo. [doc. # 16]). In connection therewith, plaintiffs filed an amended complaint on October 24, 2018, that expanded and clarified their allegations against defendants. (Amend. Compl. [doc. # 18]). With regard to their claims against Belton, plaintiffs specified that Luker was acting "in the course and scope of his work for the district attorney who is liable for plaintiffs' state law claims involving the assault, battery, and homicide of their son." *Id*., ¶ 33.

In light of the amended complaint, the court ordered defendants either to withdraw or supplement their motions. (Oct. 26, 2018, Order [doc. # 19]). On November 9, 2018, defendants, Mike Stone and Kyle Luker, filed a supplemental memorandum in support of their motion to dismiss whereby they conceded that the amended complaint contained sufficient allegations to state a claim against Luker, but still lacked requisite factual allegations to state a claim against Stone. [doc. # 22].

Also, on November 9, defendant, Belton, filed the instant, "2nd" motion to dismiss for failure to state a claim upon which relief can be granted, wherein he re-urged his original motion to dismiss with respect to the amended complaint. [doc. # 20]. On November 14, 2018, plaintiffs filed a memorandum in opposition to Belton's re-stated motion to dismiss in which they noted that a portion of their amended complaint had failed to upload correctly. (Pl. Opp.

Memo. [doc. # 23]). Specifically, paragraph 3 was supposed to read that, "[a]ccording to a Louisiana State Police case report, Luker said he was working an off-duty 'LACE Detail.' LACE stand for local agency compensated enforcement and the district attorney pays deputies their overtime rate to enforce traffic laws." *Id.*[1] Plaintiffs also stated that Belton was not entitled to attorney's fees under 42 U.S.C. § 1988 because they did not assert a § 1983 claim against him. *Id*.

On November 15, 2018, plaintiffs filed a memorandum in opposition to Mike Stone's supplemental motion to dismiss, in which they embellished the allegations in their amended complaint. [doc. # 25]. Following defendants' objection to plaintiffs' attempt to enlarge the proceedings absent formal amendment, the court again permitted plaintiffs to amend their complaint to incorporate these latest allegations. *See* Nov. 28, 2018, Order [doc. # 28]. On November 29, 2018, plaintiffs filed a "Supplement to Amended Complaint," which appears to have incorporated the allegations of the amended complaint, but with additional paragraphs. (Suppl. to Amend. Compl. [doc. # 29]).

Meanwhile, on November 19, 2018, Belton filed a reply brief, re-urging his immunity from suit, and asserting that he was not Luker's employer, but, even if he was, he could not be vicariously liable for an intentional tort. (Reply Brief [doc. # 26]). Further, because plaintiffs clarified that they did not assert a § 1983 claim, Belton conceded that he did not have a viable demand for attorney's fees, and voluntarily withdrew this request. *Id*., pg. 1, n2. The matter is ripe.

## **Analysis**

---

[1] Plaintiffs proceeded to upload the "corrected" amended complaint. [doc. # 24].

**I.      12(b)(6) Standard**

The Federal Rules of Civil Procedure sanction dismissal where the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A pleading states a claim for relief when, *inter alia*, it contains a "short and plain statement . . . showing that the pleader is entitled to relief . . ." Fed.R.Civ.P. 8(a)(2).

To withstand a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955 (2007)). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. *Plausibility* does not equate to *possibility* or *probability*; it lies somewhere in between. *See Iqbal, supra*. Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *See Twombly*, 550 U.S. at 556, 127 S.Ct. at 1965. Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra* (citation omitted). A well-pleaded complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable, and that recovery is unlikely. *Twombly,*

Although the court must accept as true all factual allegations set forth in the complaint, the same presumption does not extend to legal conclusions. *Iqbal, supra*. A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. Moreover, courts are compelled to dismiss claims grounded upon invalid legal theories even though they might otherwise be well-pleaded. *Neitzke v. Williams*, 490 U.S.

319, 109 S.Ct. 1827 (1989).

Nevertheless, "[t]he notice pleading requirements of Federal Rule of Civil Procedure 8 and case law do not require an inordinate amount of detail or precision." *Gilbert v. Outback Steakhouse of Florida Inc.*, 295 Fed. Appx. 710, 713 (5th Cir. 2008) (citations and internal quotation marks omitted). Further, "a complaint need not pin plaintiff's claim for relief to a precise legal theory. Rule 8(a)(2) of the Federal Rules of Civil Procedure generally requires only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [her] legal argument." *Skinner v. Switzer*, 562 U. S. 521, 131 S. Ct. 1289, 1296 (2011). Indeed, "[c]ourts must focus on the substance of the relief sought and the allegations pleaded, not on the label used." *Gearlds v. Entergy Servs., Inc.*, 709 F.3d 448, 452 (5th Cir. 2013) (citations omitted). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (quoting *Bell Atl.*, 127 S. Ct. at 1958).

When considering a motion to dismiss, courts generally are limited to the complaint and its proper attachments. *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). However, courts may rely upon "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" – including public records. *Dorsey, supra*; *Norris v. Hearst Trust*, 500 F.3d 454, 461 n9 (5th Cir. 2007) (citation omitted) (proper to take judicial notice of matters of public record). Furthermore, "[d]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-499 (5th Cir. 2000) (citations and internal quotation marks omitted).

**II.     Plaintiffs' Complaint Sets Forth a Short and Plain Statement Showing that They are Entitled to Relief**

5

As discussed above, plaintiffs filed an original complaint, an amended complaint, a corrected amended complaint, and now a Supplement to Amended Complaint (the "SAC"). "An amended complaint supersedes the original complaint and renders it of no legal effect unless the amended complaint specifically refers to and adopts or incorporates by reference the earlier pleading." *King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (citing *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 508 (5th Cir.1985)). Here, the SAC states that it supplements the amended complaint, but then reasserts the allegations from the amended complaint, and adds further paragraphs. *See* the SAC. Thus, the sole complaint before the court is the SAC, to which the court will apply the arguments raised by Belton's motions.[2]

Plaintiffs allege that, pursuant to a traffic stop and a resulting traffic citation, that their son, Joshua, was unable to understand that he needed to sign because of his hearing impairment, deputy Luker unreasonably escalated the matter by physically assaulting and battering Joshua, before fatally shooting him while Joshua struggled with a K9 that Luker had deployed on him. *See* SAC. Plaintiffs' SAC details the factual circumstances to support the objective unreasonableness of Luker's actions. *Id*. Plaintiffs further assert that, during the relevant period, Luker was in the course and scope of his work for the district attorney, who therefore, is liable (vicariously) for plaintiffs' claims for assault, battery, and homicide under state law. *Id*. The SAC explains that Luker was working an off-duty "LACE" detail, paid by the district attorney to enforce traffic laws. *Id*.

"Under Louisiana law, the torts of assault and battery, when raised against a law

---

[2] The court may consider a motion to dismiss as being addressed to the amended pleading. *Rountree v. Dyson*, 892 F.3d 681, 683–84 (5th Cir.2018), *cert. denied*, 2018 WL 4385808 (Dec. 3, 2018).

enforcement officer acting in the course and scope of his employment, require a showing that the law enforcement officer acted with unreasonable or excessive force."[3] *Lewis v. City of Shreveport*, No. 15-2034, 2018 WL 1162987, at *11 (W.D. La. Mar. 5, 2018) (citation omitted). Furthermore, "an employer is liable for a tort committed by his employee if, at the time, the employee was acting within the course and scope of his employment." *Baumeister v. Plunkett*, 673 So.2d 994, 996–97 (La. 1996) (citation omitted).

Belton argues that he cannot be liable for the actions of Luker because they constitute intentional torts. However, an employer may be vicariously liable for his employee's intentional torts if the employee was "acting within the ambit of his assigned duties and also in furtherance of his employer's objective." *Baumeister, supra* (citation omitted). In deciding whether to impute liability to an employer for his employee's intentional act, Louisiana courts consider the following factors: "(1) whether the tortious act was primarily employment rooted; (2) whether the violence was reasonably incidental to the performance of the employee's duties; (3) whether the act occurred on the employer's premises; and (4) whether it occurred during the hours of employment." *Id*.

Here, plaintiffs' factual allegations appear to touch all the bases. Luker's challenged conduct stemmed from a traffic stop, which, according to the SAC, Belton had retained Luker to perform. Luker's actions apparently occurred at the site of the traffic stop, which was on

---

[3] Under the *Erie* doctrine, federal courts "apply substantive state law when adjudicating diversity-jurisdiction claims, but in doing so apply federal procedural law to the proceedings. *Cates v. Sears, Roebuck & Co.*, 928 F.2d 679, 687 (5th Cir.1991) (citation omitted). Here, both sides analyzed plaintiffs' state law claims pursuant to Louisiana law. Therefore, they implicitly agree that the disputed issues are governed by the substantive law of Louisiana. *See In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 206 (5th Cir. 2007) (deferring to the parties' agreement that Louisiana substantive law controlled); *Ace American Insurance Co. v. Freeport Welding & Fabricating, Inc.*, 699 F.3d 832 (5th Cir. 2012) (applied Texas law where neither side disputed that Texas law applied).

7

Interstate 20, near "Simsboro School," and therefore, plausibly within Lincoln Parish – the same parish where Belton is district attorney and likely where he intended Luker to perform the traffic stops.  Furthermore, if Luker was working the LACE detail at the time of the stop, then the incident plausibly occurred during his hours of "employment" by Belton.  In short, plaintiffs' SAC includes sufficient facts to plausibly impute liability for Luker's intentional torts to his "employer," Belton.

Even so, Belton further contends that he was not Luker's employer; rather, the relationship between he and Luker constituted one of contractee and independent contractor to which the doctrine of respondeat superior does not extend.  *See Kansas City S. Ry. Co. v. DSK Ltd.*, ___ Fed. Appx. ___, 2018 WL 4412048, at *2 (5th Cir. Sept. 14, 2018) (citing *Thompson v. Winn-Dixie Montgomery, Inc.*, 181 So.3d 656, 665 (La. 2015)).  Moreover,

> [i]n determining whether an employment relationship exists[,] . . . [Louisiana jurisprudence] has uniformly held that the most important element to be considered is the right of control and supervision over an individual.  Louisiana's Supreme Court has considered various factors in assessing control, including "the selection and engagement of the worker, the payment of wages and the power of control and dismissal."

*Id*.  (citations omitted).

Here, plaintiffs allege that Belton paid Luker to enforce traffic laws, which plausibly suggests that Belton selected Luker, compensated him, and had the authority to dismiss him.  Although the precise details of the engagement agreement between Belton and Luker are not knowable by plaintiffs at this stage of the proceedings, plaintiffs' allegations suffice to render the claim against Belton plausible.  *See Diamond Services Corp. v. Oceanografia, S.A*. 2011 WL 938785 (W.D. La. Feb. 9, 2011) (if "further specific details were required to be specifically pled at this stage of the case, essentially no case of this type could ever survive a motion to dismiss, because the necessary facts would be in the sole possession of the defendant.").

Citing decisions that address prosecutorial immunity in the context of § 1983 claims,[4] Belton maintains that he is immune from plaintiffs' suit, which asserts claims against Belton only under *state* law.  As it turns out, in the wake of the Supreme Court decision in *Imbler, supra*, state courts, including the Louisiana Supreme Court, followed its reasoning to extend absolute immunity from suit to prosecutors acting within the scope of their prosecutorial duties as an advocate for the State from state law tort claims arising "as a consequence of conduct intimately associated with the judicial phase of the criminal process."  *Johnson v. Louisiana*, No. 09-0055, 2010 WL 996475, at *14 (W.D. La. Mar. 16, 2010) (citing *Knapper v. Connick*, 681 So.2d. 944, 949 (La.1996) and *Counsel v. Small*, 2001 WL 617455, *9 (E.D. La. June 4, 2001)).  Relying on another U.S. Supreme Court decision, *Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S.Ct. 2606 (1993), however, the Louisiana Supreme Court agreed that absolute prosecutorial immunity did not apply "where prosecutors act in an investigatory, administrative, ministerial or other role that has no functional tie to the judicial process."  *Poche v. Gautreaux*, 973 F. Supp. 2d 658, 674 (M.D. La.2013) (citing *Knapper, supra*).  In such instances, "only a qualified immunity is afforded." *Id*.

Here, the underlying conduct that forms the basis for the prosecutor's respondeat superior liability is excessive force by an officer at a traffic stop.  This activity plainly lies outside the prosecutor's role as an advocate for the state before a neutral judicial body, and therefore, is not subject to absolute immunity.  *See e.g., Loupe v. O'Bannon*, 824 F.3d 534, 540 (5th Cir.2016) (a

---

[4] *See Imbler v. Pachtman*, 424 U.S. 409, 430-31, 96 S.Ct. 984 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 129 S.Ct. 855 (2009); and *Pierce v. Smith*, 117 F.3d 866, 871-872 (5th Cir. 1997).

prosecutor is not entitled to absolute immunity when he orders a warrantless arrest).[5]

Insofar as Belton contends that he is entitled to qualified immunity, the court observes that although Louisiana applies qualified immunity principles to state constitutional law claims, that immunity does not extend to tort claims. *Perry v. City of Bossier*, No. 17-0583, 2018 WL 5074674, at *14 (W.D. La. Oct. 17, 2018) (citing *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir.2005)). Here, plaintiffs sued Belton under state law tort principles, and therefore, qualified immunity remains unavailable.

## Conclusion

Relying upon judicial experience and common sense, the court finds that plaintiffs' complaint, as amended several times over, sets forth plausible vicarious liability claims under state law against John Belton, sufficient to afford defendant fair notice of the claims against him, along with the reasonable expectation that discovery will reveal relevant evidence for each of the elements of the claim(s). *Twombly, supra*. Accordingly,

IT IS RECOMMENDED that the motions to dismiss for failure to state a claim upon which relief can be granted [doc. #s 11 & 20], and the associated request for fees [doc. # 11], filed by defendant, John Belton, Lincoln Parish District Attorney, in his official capacity, be DENIED.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

---

[5] The court notes that, in this case, plaintiffs sued Belton in his official capacity. At least in the § 1983 context, absolute and qualified immunity do not apply to official capacity claims. *See Johnson, supra*. The parties did not address whether the same result obtains to claims brought under state law.

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 19th day of December 2018.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE