# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| **MARK DAVID CLOUD AND PATTI BRANDT CLOUD** | **CIVIL ACTION NO. 18-1070** |
| **VERSUS** | **JUDGE TERRY A. DOUGHTY** |
| **MIKE STONE, LINCOLN PARISH SHERIFF IN HIS OFFICIAL CAPACITY, ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

# RULING

Pending before the Court are motions to dismiss for failure to state a claim upon which relief can be granted [Doc. Nos. 11 & 20], and an associated request for fees [Doc. No. 11], filed by Defendant, John Belton, Lincoln Parish District Attorney, in his official capacity ("Belton").

On December 19, 2018, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 35] in which she recommended that the Court deny the motions and request for fees.

On December 27, 2018, Belton filed objections to the Report and Recommendation [Doc. No. 36]. The deadline for responding to the objections has passed.

Having conducted a *de novo* review of the record in this matter, the Court finds that Magistrate Judge Hayes correctly stated and applied the law, and the Court, thus, ADOPTS her Report and Recommendation. The Court issues this Ruling solely to address one of Belton's objections.

Plaintiffs Mark Cloud and Patti Cloud brought this wrongful death and survival action under 42 U.S.C. § 1983 and Louisiana Civil Code Articles 2315.1 and 2315.2. They seek damages for the August 29, 2017 death of their son, Joshua Cloud, whom they contend was the

victim of excessive force by Lincoln Parish Sheriff's Deputy Kyle E. Luker ("Luker"). Plaintiffs brought suit against Lincoln Parish Sheriff Mike Stone in his official capacity, Belton, and Luker.

On October 16, 2018, Belton filed the instant Motion to Dismiss, arguing that Plaintiffs' Complaint failed to assert facts to support an excessive force claim, that he is entitled to prosecutorial immunity, and that there is no vicarious liability in § 1983 claims.

Plaintiffs responded that they named Belton as a "defendant only in connection with [P]laintiffs' state law claims for assault, battery, and homicide." [Doc. No. 16]. The following day, Plaintiffs also filed an Amended Complaint, expanding and clarifying their causes of action. Specifically, Plaintiffs now contend that the Luker was acting "in the course and scope of his work for [Belton] who is liable for [P]laintiffs' state law claims involving the assault, battery, and homicide of their son." [Doc. No 18].

In light of the amendment, Magistrate Judge Hayes ordered Belton[1] to withdraw or supplement his motion. [Doc. No. 19]. Belton re-urged his motion to dismiss for failure to state a claim. Plaintiffs opposed the motion, arguing that Luker was an employee of Belton because he was working an "off-duty 'LACE Detail,'" and was compensated by Belton. Plaintiffs further argued that Belton could obtain attorneys' fees under 42 U.S.C. § 1988 because they are not asserting a civil rights claim against him.

In his reply, Belton conceded that he cannot recover attorneys' fees and voluntarily withdrew that request. However, he re-urged his argument that he is immune from suit, that he

---

[1] Defendants Stone and Luker also filed motions to dismiss, but the Court's analysis and discussion are limited to Belton's motion and the allegations against him.

was not Luker's employer, and that, even if he were Luker's employer, he could not be vicariously liable for an intentional tort.

On December 19, 2018, Magistrate Judge Hayes issued a Report and Recommendation [Doc. No. 35] in which she found that Plaintiffs' factual allegations "sets forth plausible vicarious liability claims under state law against . . . Belton, sufficient to afford defendant fair notice of the claims against him, along with the reasonable expectation that discovery will reveal relevant evidence for each of the elements of the claim(s)." *Id.* at p. 10.

To the extent that Belton raises objections to the Report and Recommendation argued to Magistrate Judge Hayes, the Court has adopted the Report and Recommendation. However, in his objections, Belton also argues for the first time that he is immune from suit pursuant to La. Rev. Stat. 9:2798.1, which provides:

> Liability shall not be imposed on public entities or their officers or employees based upon the exercise or performance or the failure to exercise their policymaking or discretionary acts . . .

"Louisiana courts have adopted a test analogous to the [Federal Tort Claims Act] discretionary function test in determining whether an official is protected by the statute, namely, (1) whether a state law, regulation, or policy specifically prescribes the officer's course of action; and (2) whether the challenged action is grounded in political, economic, or social policy." *Roberts v. City of Shreveport*, 397 F.3d 287, 296 (5th Cir. 2005)

The Court would first note that an objection is not the proper time to raise new arguments or authority which the magistrate judge never had the opportunity to address. However, in the interest of judicial economy, and as Plaintiffs' counsel was given notice of the new argument, the Court will address it in this ruling.

3

"Section 9:2798.1's text is clear, and the Louisiana Supreme Court has emphasized, that discretionary function immunity only 'applies to policymaking or discretionary acts.'" *Poche v. Gautreaux*, 973 F. Supp. 2d 658, 674 (M.D. La. 2013) (quoting *Gregor v. Argenot Great Cent. Ins. Co.*, 2002–1138 (La.5/20/03), 851 So.2d 959, 967 (quoting § 9:2798.1) (internal quotation marks omitted). At least at this point in the litigation, Plaintiffs have not alleged that Belton is liable for policymaking or discretionary acts that resulted in their son's death. Here, Plaintiffs allege that Luker's allegedly excessive force is imputed to Belton as his employer. After time for discovery, Belton may move for summary judgment if he can prove with extrinsic evidence that he is not Luker's employer, that Section 9:2798.1 provides immunity because Luker's actions were a result of Belton's policy or discretionary acts, or on some other basis.[2] Under Rule 12(b)(6) and the *Twombly* standard, however, Plaintiffs have alleged sufficient facts to survive dismissal at this time.

MONROE, LOUISIANA, this 16th day of January, 2019.

_____
TERRY A. DOUGHTY
UNITED STATES DISTRICT JUDGE

---

[2] The Court is not limiting Belton's bases for filing a motion for summary judgment or in any way prejudging any such motion. Rather, the Court points out only that these arguments are better suited for a post-discovery motion, not a motion for dismissal under Rule 12(b)(6).